IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
  v.                        )        2:17cr08-MHT
                            )            (WO)
CEDRIC FOSTER               )
```

### ORDER

It is ORDERED that defendant Cedric Foster's motion for compassionate release (doc. no. 199) is denied without prejudice.

***

In 2018, defendant Foster was sentenced to 135 months' imprisonment for conspiracy to possess with intent to distribute 500 grams or more of cocaine hydrochloride. He has served approximately 59 months of his sentence.

Foster seeks a sentence reduction to time served under 18 U.S.C. § 3582(c)(1)(A), which provides, in relevant part:

> "[T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully

> exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction;
>
>> ...
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

Foster argues that the COVID-19 pandemic, combined with his health conditions and prison conditions, constitute extraordinary and compelling reasons warranting a sentence reduction. He contends that he faces an elevated risk of serious complications from COVID-19 due to his age--43, his race--Black, and his high blood pressure and high cholesterol.

2

While the court is sympathetic to Foster's concerns about his health, the motion must be denied because he has failed to demonstrate, with evidence, that he filed an appropriate request for compassionate release with the warden of his facility or that he exhausted all administrative appeals.

Moreover, when Foster filed his motion, he was incarcerated at the United States Penitentiary at Yazoo City, Mississippi, and his motion was in large part based on the conditions at that facility. He asserted that part of the facility was being used to house prisoners infected with or exposed to COVID-19, and that the staff were not following proper protocols to limit the spread of COVID-19 to prisoners in other parts of the prison. However, he has since been moved to the Federal Correctional Institution in Marianna, Florida.[*]  Therefore, to the extent his motion was

---

[*] The court notes that, according to the Bureau of Prisons' website, the Marianna facility has only two active infections among inmates and has had only 10 (continued...)

3

based on the risk of exposure to COVID-19 at Yazoo City, the motion is moot.

DONE, this the 10th day of December, 2020.

                                                     /s/ Myron H. Thompson
                                              UNITED STATES DISTRICT JUDGE

---

inmates that have previously been infected and recovered, throughout the course of the pandemic. *See* Federal Bureau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/ (accessed on December 10, 2020). If accurate, these numbers could be reflective of an effective effort at that facility to protect inmates from infection with COVID-19.

4